CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Edgardo Carrillo**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Atlantic Repetto LLC,** a California Limited Liability Company; **Arcely Demaria Arriaga**; and Does 1-10, | |
| Defendants. | |

Plaintiff Edgardo Carrillo complains of Atlantic Repetto LLC, a California Limited Liability Company; Arcely Demaria Arriaga; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is paralyzed and uses a wheelchair for mobility.

2. Defendant Atlantic Repetto LLC owned the real property located at or about 630 S. Atlantic Blvd., Los Angeles, California, in December 2019.

3. Defendant Atlantic Repetto LLC owns the real property located at or

Complaint

1    about 630 S. Atlantic Blvd., Los Angeles, California, currently.

2        4.   Defendant Arcely Demaria Arriaga owned Atlantic Restaurant located

3    at or about 630 S. Atlantic Blvd., Los Angeles, California, in December 2019.

4        5.   Defendant   Arcely   Demaria   Arriaga   owns   Atlantic   Restaurant

5    ("Restaurant")  located  at  or  about  630  S.  Atlantic  Blvd.,  Los  Angeles,

6    California, currently.

7        6.   Plaintiff does not know the true names of Defendants, their business

8    capacities, their ownership connection to the property and business, or their

9    relative responsibilities in causing the access violations herein complained of,

10   and alleges a joint venture and common enterprise by all such Defendants.

11   Plaintiff  is  informed  and  believes  that  each  of  the  Defendants  herein,

12   including Does 1 through 10, inclusive, is responsible in some capacity for the

13   events herein alleged, or is a necessary party for obtaining appropriate relief.

14   Plaintiff  will  seek  leave  to  amend  when  the  true  names,  capacities,

15   connections, and responsibilities of the Defendants and Does 1 through 10,

16   inclusive, are ascertained.

17

18   **JURISDICTION & VENUE:**

19       7.   The Court has subject matter jurisdiction over the action pursuant to 28

20   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

21   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

22       8.   Pursuant to supplemental jurisdiction, an attendant and related cause

23   of action, arising from the same nucleus of operative facts and arising out of

24   the same transactions, is also brought under California's Unruh Civil Rights

25   Act, which act expressly incorporates the Americans with Disabilities Act.

26       9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

27   founded on the fact that the real property which is the subject of this action is

28   located in this district and that Plaintiff's cause of action arose in this district.

Complaint

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Restaurant in December 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws.

11. The Restaurant is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible paths of travel leading into the Restaurant in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

13. On information and belief, the defendants currently fail to provide accessible paths of travel leading into the Restaurant.

14. Additionally, on the date of the plaintiff's visit, the defendants failed to provide accessible restrooms in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

15. On information and belief, the defendants currently fail to provide accessible restrooms.

16. Moreover, on the date of the plaintiff's visit, the defendants failed to provide accessible sales counters in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

17. On information and belief, the defendants currently fail to provide accessible sales counters.

18. Finally, on the date of the plaintiff's visit, the defendants failed to provide accessible dining surfaces in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff.

19. On information and belief, the defendants currently fail to provide accessible dining surfaces.

20. These barriers relate to and impact the plaintiff's disability. Plaintiff

Complaint

1   personally encountered these barriers.

2       21. By failing to provide accessible facilities, the defendants denied the

3   plaintiff full and equal access.

4       22. The failure to provide accessible facilities created difficulty and

5   discomfort for the Plaintiff.

6       23. The defendants have failed to maintain in working and useable

7   conditions those features required to provide ready access to persons with

8   disabilities.

9       24. The barriers identified above are easily removed without much

10  difficulty or expense. They are the types of barriers identified by the

11  Department of Justice as presumably readily achievable to remove and, in fact,

12  these barriers are readily achievable to remove. Moreover, there are numerous

13  alternative accommodations that could be made to provide a greater level of

14  access if complete removal were not achievable.

15      25. Plaintiff will return to the Restaurant to avail himself of its goods and to

16  determine compliance with the disability access laws once it is represented to

17  him that the Restaurant and its facilities are accessible. Plaintiff is currently

18  deterred from doing so because of his knowledge of the existing barriers and

19  his uncertainty about the existence of yet other barriers on the site. If the

20  barriers are not removed, the plaintiff will face unlawful and discriminatory

21  barriers again.

22      26. Given the obvious and blatant nature of the barriers and violations

23  alleged herein, the plaintiff alleges, on information and belief, that there are

24  other violations and barriers on the site that relate to his disability. Plaintiff will

25  amend the complaint, to provide proper notice regarding the scope of this

26  lawsuit, once he conducts a site inspection. However, please be on notice that

27  the plaintiff seeks to have all barriers related to his disability remedied. See

28  Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

Complaint

1    encounters one barrier at a site, he can sue to have all barriers that relate to his

2    disability removed regardless of whether he personally encountered them).

3

4    **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

5    **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

6    Defendants.) (42 U.S.C. section 12101, et seq.)

7        27. Plaintiff re-pleads and incorporates by reference, as if fully set forth

8    again herein, the allegations contained in all prior paragraphs of this

9    complaint.

10       28. Under the ADA, it is an act of discrimination to fail to ensure that the

11   privileges, advantages, accommodations, facilities, goods and services of any

12   place of public accommodation is offered on a full and equal basis by anyone

13   who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

14   § 12182(a). Discrimination is defined, inter alia, as follows:

15                a.  A failure to make reasonable modifications in policies, practices,

16                    or procedures, when such modifications are necessary to afford

17                    goods,    services,   facilities,   privileges,   advantages,    or

18                    accommodations  to  individuals  with  disabilities,  unless  the

19                    accommodation would work a fundamental alteration of those

20                    services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

21                b.  A failure to remove architectural barriers where such removal is

22                    readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

23                    defined by reference to the ADA Standards.

24                c.  A failure to make alterations in such a manner that, to the

25                    maximum extent feasible, the altered portions of the facility are

26                    readily accessible to and usable by individuals with disabilities,

27                    including individuals who use wheelchairs or to ensure that, to the

28                    maximum extent feasible, the path of travel to the altered area and

Complaint

the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

29. When a business provides paths of travel, it must provide accessible paths of travel.

30. Here, accessible paths of travel have not been provided.

31. When a business provides facilities such as restrooms, it must provide accessible restrooms.

32. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

33. Here, accessible sales or transaction counters have not been provided.

34. When a business provides facilities such as dining tables, it must provide accessible dining tables.

35. Here, accessible dining surfaces have not been provided.

36. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

37. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

38. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

39. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

6

Complaint

1 complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

2 that persons with disabilities are entitled to full and equal accommodations,

3 advantages, facilities, privileges, or services in all business establishment of

4 every kind whatsoever within the jurisdiction of the State of California.  Cal.

5 Civ. Code §51(b).

6    40. The Unruh Act provides that a violation of the ADA is a violation of the

7 Unruh Act.  Cal. Civ. Code, § 51(f).

8    41. Defendants' acts and omissions, as herein alleged, have violated the

9 Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

10 rights to full and equal use of the accommodations, advantages, facilities,

11 privileges, or services offered.

12    42. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

13 discomfort or embarrassment for the plaintiff, the defendants are also each

14 responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

15 (c).)

16

17    **PRAYER**:

18       Wherefore, Plaintiff prays that this Court award damages and provide

19 relief as follows:

20    1. For injunctive relief, compelling Defendants to comply with the

21 Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

22 plaintiff is not invoking section 55 of the California Civil Code and is not

23 seeking injunctive relief under the Disabled Persons Act at all.

24    2. Damages under the Unruh Civil Rights Act, which provides for actual

25 damages and a statutory minimum of $4,000 for each offense.

26

27

28

7

Complaint

1      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4   Dated: December 28, 2019          CENTER FOR DISABILITY ACCESS

5

6                                     By: _____

7

8                                          Russell Handy, Esq.
                                           Attorney for plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint